# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | No. 59007-7-II |
| SHARLEEN M. SHOWN,[†] | |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| MICHAEL ANTHONY METJE, | |
| Respondent. | |

CHE, J. — Sharleen and Michael Metje are ex-spouses with one minor child in common. After the superior court entered a child support order ordering Michael to pay Sharleen the standard support calculation of $1,039, Michael moved for reconsideration. He argued for a downward deviation based on his two minor children from another relationship. The superior court granted reconsideration and ordered Michael to pay Sharleen $641 each month.

Sharleen appeals arguing that the superior court erred by imposing a downward deviation and that the superior court should have ordered an upward deviation. We disagree and affirm.

FACTS

Sharleen and Michael Metje were formerly married and have two adult children who are in college as well as one minor child together. Sharleen lives in Pierce County, and Michael lives in Alabama with his wife and their two minor children. Sharleen and Michael's minor son primarily lives with Sharleen and visits Michael in Alabama once a year.

---

[†] Formerly known as Sharleen M. Metje.

In September 2023, after receiving a review request from Sharleen, the State moved to recalculate the child support order based on changes in the parties' incomes and the length of time since the previous order. The State's proposed child support worksheet calculated Michael's net monthly income to be $7,636 based on his actual earnings per two years of "NDNH data, 2023-1Q through 2021-2Q" and Sharleen's net monthly income to be $3,791.00 based on her financial declaration, tax returns, and pay stubs.

In her financial declaration, Sharleen explained that she had significant debt from attorney fees related to contempt actions against Michael. She also requested that the court deviate from the standard calculation based on Michael's spouse's income, Sharleen's extraordinary debt due to Michael's actions, the significant disparity in living costs between Seattle and Madison, Alabama, special medical and educational needs of the child, and the fact that the child resides with her nearly the entire year. Due to service issues and confusion over the deadline to respond to the motion, Michael did not file any responsive documents or appear at the hearing.

The superior court entered an updated final child support order.[1] Therein, the court accepted the State's proposed child support worksheet calculations. The court found that no one requested a deviation from the standard support calculation and ordered Michael to pay Sharleen the standard calculation amount of $1,039.

Michael moved for reconsideration of that order and provided a financial declaration, tax returns, and pay stubs.[2] Michael specifically requested that the superior court apply a downward

---

[1] The parties did not designate the verbatim record of proceedings as part of the record on appeal.

[2] These documents were not designated as part of the record on appeal.

deviation and order Michael to pay Sharleen $500 each month. He argued that a downward deviation was appropriate because he has two children from another relationship whom he supports and he also provides postsecondary support for adult children he shares with Sharleen. Sharleen responded to the motion for reconsideration, arguing that the superior court should deny Michael's request for a downward deviation and instead impose an upward deviation increasing the monthly support payment to $1,539. The State responded to Michael's motion for reconsideration, acknowledging that reconsideration may be appropriate due to Michael's two other biological children in his household who he supports. The State proposed a downward deviation for a monthly transfer payment of $641 each month.

Upon reconsideration, the superior court entered a revised final child support order granting Michael's request for a downward deviation based on the two other children residing in his household and ordering a monthly transfer payment of $641 each month. The superior court explained that it calculated Michael's income based on his financial declaration, tax returns, and pay stubs, and applied the "whole family formula" which takes into consideration other children living in a household.

Sharleen appeals.

ANALYSIS

Sharleen argues that the superior court abused is discretion by granting a downward deviation from the standard calculation amount and by not granting an upward deviation in her favor. We disagree.

We review an order modifying child support for abuse of discretion. *In re Marriage of Booth*, 114 Wn.2d 772, 776, 791 P.2d 519 (1990); *see also In re Marriage of Choate*, 143 Wn. App. 235, 241, 177 P.3d 175 (2008). A superior court abuses its discretion if its decision is

manifestly unreasonable or based on untenable grounds or untenable reasons. *In re Marriage of Horner*, 151 Wn.2d 884, 893, 93 P.3d 124 (2004). A decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if the court applied the incorrect legal standard or the facts do not meet the requirements of the correct standard. *Id.* at 893-94. "A trial court does not abuse its discretion where the record shows that it considered all the relevant factors and the child support award is not unreasonable under the circumstances." *State ex rel. J.V.G. v. Van Guilder*, 137 Wn. App. 417, 423, 154 P.3d 243 (2007).

Chapter 26.19 RCW establishes a child support schedule intended to "insure that child support orders are adequate to meet a child's basic needs and to provide additional child support commensurate with the parents' income, resources, and standard of living," and to apportion the obligation equitably between the parents. RCW 26.19.001. The court must determine the presumptive amount of support according to the child support schedule and shall order this standard amount "[u]nless specific reasons for deviation are set forth in the written findings of fact and are supported by the evidence." RCW 26.19.075(2).

The governing statute contains a nonexclusive list of considerations justifying deviation from the standard calculation including the children's residential schedule; the income of a new spouse, if the remarried parent has requested a deviation for another reason; and children from other relationships to whom the parent owes a duty of support. RCW 26.19.075(1)(a)(i), (d), (e). RCW 26.19.075(1)(e)((iv) provides that when the court determines that either or both parents have children from other relationships, a deviation shall be based on consideration of the total circumstances of both households. When a party is asking for a deviation, the income and

resources of their new spouse must be disclosed and considered. RCW 26.19.075(1)(a)(i), .075(2).

Here, the superior court entered a downward deviation from the standard calculation based on Michael's two children from another relationship, which is a valid basis upon which to grant a deviation. Sharleen contends that RCW 26.19.075(1)(e) does not apply because Michael does not owe court ordered child support to his two other children. But court ordered child support is not necessary for RCW 26.19.075(1)(e) to apply; parents owe a duty of support to their children, and the parties do not dispute that these are Michael's children who reside with him.

Sharleen also contends that the trial court failed to fully consider all the circumstances of both households. But the record reflects that the trial court based its decision on the financial declarations, tax returns, and pay stubs provided by both Sharleen and Michael. To the extent Sharleen challenges the content or validity of the records provided by Michael, her claims are precluded by not designating the relevant portions of the record. Sharleen did not designate Michael's financial declarations, tax returns, or paystubs. Sharleen has also did not designate any hearing transcripts.

"The appellant has the burden of perfecting the record so that the court has before it all the evidence relevant to the issue." *In re the Marriage of Haugh*, 58 Wn. App. 1, 6, 790 P.2d 1266 (1990); RAP 9.2(b). Without Michael's financial documents or transcripts of any hearings on the matter, we have no ability to accurately evaluate the actions of the trial court. *See Olmsted v. Mulder*, 72 Wn. App. 169, 183, 863 P.2d 1355 (1993) ("We cannot reach the merits of [appellant's] arguments because he has failed to provide us with a sufficient trial record.").

No. 59007-7-II

We presume that the court considered all evidence before it when fashioning an order. *In re Marriage of Kelly*, 85 Wn. App. 785, 793, 934 P.2d 1218 (1997). On the record before us, Sharleen cannot show that the trial court abused its discretion in setting the amount of child support as a downward deviation and not an upward deviation.

CONCLUSION

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Che, J.

We concur:

Veljacic, A.C.J.

Price, J.